# EXHIBIT 3

## **TEMPORARY PLEDGE AND SECURITY AGREEMENT**

(TD Ameritrade Account #488-491272)

This TEMPORARY PLEDGE AND SECURITY AGREEMENT (this "Agreement") dated as of **March 7, 2019**, is made by **SRR Fortress Capital LLC ("SRR") and Scott Reynolds ("Reynolds") (SSR and Reynolds, collectively, "Grantor"),** jointly and severally, in favor of COR Securities and Axos Financial, Inc. (collectively, "Secured Party"), with reference to the following facts:

### RECITALS

A.  Secured Party has asserted multiple claims against Grantor related to alleged liability for the failure to cover monetary deficits created by various trades made by Grantor through a trading account of a broker-dealer correspondent of Secured Party ("Spartan Securities Group, Ltd").

B.  Secured Party desires to determine whether it can resolve its claims with Grantor.

C.  Grantor wishes to work with Secured Party to determine whether it can satisfy Secured Party's claims.

D.  In order to provide Secured Party with sufficient time to develop a mutually acceptable agreement with Grantor, Grantor agrees to provide Secured Party with a Pledge & Grant of Security Interest for a limited period of time as established and described herein.

NOW, THEREFORE, in consideration of the premises, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Grantor hereby represents, warrants, covenants, agrees, and pledges as follows:

1.  Definitions.  Capitalized terms used but not defined in this Agreement shall have the definitions given thereto in the Note as though set forth herein in full.  The following terms shall have the meanings respectively set forth after each:

    "Agreement" means this Pledge and Security Agreement, and any extensions, modifications, renewals, restatements, supplements, or amendments hereof.

    "Collateral" means the Pledged Account and all Collateral Proceeds.

    "Collateral Proceeds" means, collectively, all cash payments, dividends, distributions, payments in kind, principal, interest, reimbursements, and other payments of any kind and all conversions, substitutions, exchanges, and replacements, made with respect to the Pledged Account or pursuant to the Pledged Account Documents.

    "Clearing Account Agreement" means that certain agreement by and between Cor Clearing and Spartan Securities Group., a partnership organized under the laws of Florida.

    "Event of Default" means a default by Grantor under any provision of this Agreement.

    "Obligations" means and includes, collectively, any and all obligations and indebtedness of Grantor under the Clearing Account Agreement and hereunder, whether directly or as

guarantor. The Obligations include all principal, interest, fees, expenses and other amounts, and all interest that accrues on all or any part of any of the Obligations after the filing of any petition or pleading by or against Grantor in any bankruptcy, insolvency or other similar proceeding.

"Person" means any individual, corporation, partnership, joint venture, association, joint stock company, trust, trustee, estate, limited liability company, unincorporated organization, real estate investment trust, government, or any agency or political subdivision thereof, or any other form of entity.

"Pledged Account" means TD Ameritrade Account #488-491272, and all rights appertaining thereto, including, without limitation:

   (a)    all existing and future income, compensation, distributions, and other rights to payment and contract rights with respect to Grantor's interest in the Pledged Account, wherever located and whether now owned or hereafter acquired or arising, including all payments, dividends, or other distributions, whether in cash or otherwise;

   (b)    all existing and future rights and interests of Grantor in, to and under the Pledged Account Documents; and

   (c)    any and all additions, modifications, amendments, substitutions, and replacements or for the foregoing and all proceeds and products of any of the foregoing.

"Pledged Account Documents" means, collectively, (a) all agreements governing the Pledged Account, (b) any statements or other reports related to the inventory of securities held therein and the value thereof, (c) any certificates or other evidences of ownership of the Pledged Account, and (d) in each case any amendments, restatements or updates thereof.

2. Pledge and Grant of Security Interest. For a period of twenty days, Grantor hereby pledges to Secured Party and grants to Secured Party a security interest in and to all Collateral for the benefit of Secured Party, together with all products, proceeds, dividends, redemption payments, liquidation payments, cash, instruments, and other property, and any and all rights, titles, interests, privileges, benefits, and preferences incidental to the Collateral. Grantor shall take such action as required to secure the Pledged Account as requested by TD Ameritrade including completing TD Ameritrade's Pledged Asset Agreement For Collateral Loans.

3. Florida Jurisdiction and Choice of Law. The validity, construction, enforcement and interpretation of this Agreement and any claim, controversy or dispute arising under or in any way related to this Agreement or the transactions contemplated thereby, whether arising in contract, in tort, by statute or otherwise, shall be governed by, the laws of the State of Florida, without regard to the principles thereof regarding conflicts of laws. All cases related to or arising out of this Agreement may be brought in any United States federal court or state court sitting in Dade County, Florida. Nothing in this Agreement shall preclude any party from taking legal action of any kind, enforcing a judgment, or filing a foreclosure action or an action seeking to attach property, in the state in which the subject collateral or property is located.

4. <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of Secured Party and Grantor.

5. <u>Waiver of Right to Trial by Jury</u>.  EACH PARTY TO THIS AGREEMENT, TO THE MAXIMUM EXTENT PERMITTED BY LAW, HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION (1) ARISING UNDER THIS AGREEMENT OR ANY OTHER INSTRUMENT, DOCUMENT, OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR (2) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS AGREEMENT OR ANY OTHER INSTRUMENT, DOCUMENT, OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.

6. <u>Rules of Construction</u>.  Words used in this Agreement in the singular, where the context so permits, shall be deemed to include the plural and vice versa.  The definitions of words in the singular in this Agreement shall apply to such words when used in the plural where the context so permits and vice versa.  In this Agreement, "include" means "include but are not limited to", "includes" means "includes but is not limited to" and "including" means "including, but not limited to."  In this Agreement, unless otherwise expressly indicated, the use "or" is not exclusive and has the inclusive meaning given to "and/or".  All titles or headings to articles, sections, subsections or other divisions of this Agreement or the exhibits hereto are for convenience only, and shall not be construed to have any effect or meaning with respect to the other content of such articles, sections, subsections or other divisions.

7. <u>Conflicting Provisions</u>.  In the event of any conflict between this Agreement and the terms of the Note, the terms of the Note shall govern and control.

8. <u>Exhibits</u>.  All exhibits referred to in this Agreement and attached hereto are incorporated herein.

9. <u>Counterparts</u>.  This Agreement may be executed in counterparts, which together shall constitute one agreement.  Further, original counterpart signature pages may be compiled together in one or more original documents.

[*Signatures on next page*]

IN WITNESS WHEREOF, Grantor and Secured Party have caused this Pledge and Security Agreement to be duly executed as of the date first above written.

**GRANTOR**

_____

By: _____

Name: _____

Title: _____

ACCEPTED AND AGREED:

**SECURED PARTY**

By: _____

Name: _____

Title: _____

EXHIBIT B