UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-CV-20979-RAR

AXOS CLEARING LLC,

    Plaintiff,

v.

SCOTT REYNOLDS, an individual; and
SRR FORTRESS CAPITAL, LLC,
a Florida limited liability company

    Defendants.

_____ /

**PLAINTIFF AXOS CLEARING LLC'S MOTION TO EXPEDITE RULING ON
DEFENDANTS' MOTION TO COMPEL ARBITRATION OR DISMISS (ECF No. 65)**

    Plaintiff Axos Clearing LLC, f/k/a COR Clearing LLC ("Axos Clearing"), respectfully requests that the Court expedite its ruling on Defendants Scott Reynolds' ("Reynolds") and SRR Fortress Capital, LLC's ("SRR") (collectively, "Defendants") *Motion to Compel Arbitration or Dismiss* ("*Motion to Compel Arbitration*") (ECF No. 65). As noted below in the Local Rule 7.1(a)(3) certification, Defendants take no position on this request.

    Axos Clearing reluctantly makes this request because the entity conducting the arbitration will not delay its proceedings to allow this Court to rule in due course. Consequently, as explained below, Axos Clearing will be forced to participate in the arbitration proceedings irrespective of its position that its claims against Defendants are not subject to any arbitration agreement unless this Court adjudicates the *Motion to Compel Arbitration* prior to August 13, 2019.

**I.    INTRODUCTION**

    Axos Clearing initiated this action on March 13, 2019, to enforce a "Settlement Agreement and Release" signed by Reynolds both individually and on behalf of SRR. Over two

months later, on May 27, 2019, Defendants filed the *Motion to Compel Arbitration*, asserting that all of Axos Clearing's claims against Defendants were subject to arbitration under the auspices of the Financial Industry Regulatory Authority ("FINRA").  The *Motion to Compel Arbitration* was fully briefed on June 17, 2019. (ECF No. 85).  Before the Court ruled on the *Motion to Compel Arbitration*, Reynolds (but not SRR) asserted claims, based upon the same underlying facts herein, against Axos Clearing and non-party Gregory Garrabrants in an ongoing FINRA proceeding (styled *Spartan Securities Group, Ltd. v. Reynolds*, FINRA Case No. 19-00926 (the "FINRA Arbitration")).  Plaintiff Axos Clearing's deadline to respond to Reynolds' claims in the FINRA Arbitration is August 13, 2019.

Axos Clearing immediately submitted a letter to FINRA objecting to FINRA's jurisdiction to hear Reynolds' claims already pending before this Court, and requesting an extension of the deadline to respond in order to allow the Court time to rule on Defendants' *Motion to Compel Arbitration*.  FINRA denied Axos Clearing's request for an extension of time to answer, insisting that, absent an agreement by the parties, the deadline to answer—and to concurrently submit to FINRA's jurisdiction—remains August 13.  *See Plaintiff Axos Clearing LLC's Opposition to Defendants' Motion to Enlarge Motion to Compel Arbitration (*etc.*)* (ECF No. 98) at 1-2.  Reynolds has rejected Axos Clearing's request to extend the FINRA deadline to allow the Court to rule on the *Motion to Compel Arbitration* and decide the threshold issue of whether Axos Clearing can be dragged into an arbitration forum on its claims without its consent.  Furthermore, the FINRA Arbitration Rules do not on their face provide for motions to dismiss based on lack of jurisdiction, nor do they offer on their face any other mechanism by

which parties can contest the forum's jurisdiction, apparently leaving it to the parties to resolve any such disputes in the courts.[1]

Axos Clearing asserts that the law is clear that this Court is the proper authority to resolve the threshold question of whether Axos Clearing is subject to arbitration before FINRA, as set forth in its opposition to the *Motion to Compel Arbitration*. *See generally Plaintiff Axos Clearing LLC's Opposition to Defendants' Motion to Compel Arbitration or Dismiss* ("*Axos Clearing's Opposition to Motion to Compel Arbitration*") (ECF No. 77). Among other reasons, there is **no** agreement to arbitrate with either defendant Reynolds or SRR over Axos Clearing's claims and there is no FINRA regulation mandating jurisdiction. But, because of Reynolds' refusal to agree to an extension of Axos Clearing's response deadline in the FINRA Arbitration and the absence of any clear in-arbitration mechanism to contest FINRA's claim of jurisdiction over Axos Clearing up front, Axos Clearing's right to have this Court decide this critical threshold issue—and, similarly, its right as a plaintiff to choose its venue for litigating its dispute with Reynolds and SRR—is being vitiated.

At the hearing on June 13, 2019, Status Conference, both the Court and the parties recognized several times the sensitivity of the timing for resolution of the *Motion to Compel Arbitration*. *See Transcript of Status Conference held on 6/13/2019 before Judge Rodolfo A Ruiz* (ECF No. 100) at, *e.g.*, transcript pages 33-34 & 38-39. The concerns recognized by the Court have now come to fruition. Axos Clearing's deadline to file its answer with FINRA is August 13, 2019. It must do so, regardless of its objections to FINRA's claimed jurisdiction. FINRA Rules mandate that, concurrently with filing its answer to Reynolds' claims, Axos Clearing must also submit a "Submission Agreement" to FINRA's jurisdiction. *See* FINRA Rule 13306(a)(1) (copy attached as Exhibit A).

---

[1] Of course, Axos Clearing reserves its rights to oppose jurisdiction with FINRA.

Consequently, Axos Clearing has no choice but to respectfully request that the Court expedite its ruling on the *Motion to Compel Arbitration*, because this Court is the proper authority to decide whether Axos Clearing is required to arbitrate its claims against Reynolds.

**II.    ARGUMENT**

    **A.    Courts Determine the Threshold Arbitrability Question**

The law is clear that "[t]he question of whether the parties have agreed to submit a particular dispute to arbitration is an issue" to be decided by the Court rather than the arbitrators "unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). As the Eleventh Circuit has established, "[W]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (internal quotation marks omitted); *see also Citigroup Global Mkts. v. Abbar*, 761 F.3d 268, 274 (2d. Cir. 2014) ("Because the parties here are disputing the existence of an obligation to arbitrate, not the scope of an arbitration clause, the general presumption in favor of arbitration does not apply."); *Raymond James Fin. Serv. v. Cary*, 709 F.3d 382, 385 (4th Cir. 2013) ("[A] court cannot apply any presumption in favor of arbitration unless there already exists an enforceable arbitration agreement between the parties."); *Lain v. JetSmarter, Inc.*, No. 18-cv-62969-BLOOM/VALLE, 2019 WL 1900339, at *1 (S.D. Fla. Apr. 29, 2019) (recognizing that presumption in favor arbitration does not apply to dispute over whether agreement to arbitrate exists). Furthermore, the issue of whether a claimant may bring a claim in a FINRA arbitration relates to the existence of a contract to arbitrate, not the scope of an agreement to arbitrate. *See, e.g., Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301-02 (2010).

    **B.    There Is No Agreement to Arbitrate Between Axos Clearing and Reynolds**

The cornucopia of reasons why Axos Clearing is not subject to FINRA's jurisdiction over its claims against Reynolds and SRR are outlined in *Axos Clearing's Opposition to Motion to Compel Arbitration*.[2]  Chief among them is the absence of **any** contractual agreement between Axos Clearing and Reynolds—as well as the absence any arbitration requirement based upon FINRA's mandatory arbitration rules.  *See id*. at 8-9.  Indeed, "FINRA is a non-governmental agency, and it has no specific grant of authority—from Congress or []some other font of governmental power—to conduct arbitration proceedings." *Sykes v. Escueta,* No. 10-3858, 2010 WL 4942608, at *2 (N.D. Cal. Nov. 29, 2010) (granting motion for preliminary injunction enjoining defendants from pursuing claims against plaintiff in FINRA). "As such, its authority to compel arbitration must have some contractual basis—either a contract between customer and FINRA member, or an agreement between the member and FINRA." *Id.* But, there is no contractual basis requiring Axos Clearing to arbitrate the claims against Defendants it litigated in this Court for over two months before Reynolds first claimed an entitlement to arbitration.

> C. **Axos Clearing Will Be Harmed in the Absence of an Expedited Ruling on the *Motion to Compel Arbitration* Because Axos Clearing's Right to Have the Court Decide the Threshold Arbitrability Issue Will Be Lost**

The FINRA Rules do not provide a clear mechanism by which parties improperly brought into arbitration may first contest the forum's jurisdiction and, instead, require that each party submit a "Submission Agreement" concurrently with its answer and any counterclaims. *See* FINRA Rule 13306(a)(1).  Consequently, in the absence of an expedited ruling as to whether Axos Clearing is obligated to arbitrate its claims against Defendants, Axos Clearing will have no choice but to answer Reynolds' claims in FINRA Arbitration on August 13, 2019, as well as asset counterclaims duplicative of its claims that have been pending and litigated in this Court

---

[2] There are additional and different arguments as to why FINRA cannot exercise any jurisdiction over Garrabrants individually, but those are not before the Court because he (like Spartan Securities) is not a party to this action.

since March. This result would also effectively reward Reynolds' efforts to circumvent this Court's province by improperly forcing Axos Clearing into arbitration without allowing the Court to rule first on the arbitrability issue.

Axos Clearing does not want to be forced to submit itself to FINRA's jurisdiction, as it believes there is no legal justification requiring it to do so. *See generally Axos Clearing's Opposition to Motion to Compel Arbitration*. Axos Clearing properly chose this Court to adjudicate its dispute with Reynolds and SRR and the parties litigated for over two months—and held an evidentiary hearing—before Reynolds first raised his arbitration claim. Axos Clearing should not have to risk being subject to improper jurisdiction, as well as expend considerable resources in duplicative proceedings, before the Court rules on *Defendants' Motion to Compel Arbitration*.

### III.  CONCLUSION

For the foregoing reasons, Axos Clearing respectfully requests the Court expedite the ruling on *Defendants' Motion to Compel Arbitration*.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for Axos Clearing herein certifies that they have conferred in good faith with counsel for Defendants regarding the relief sought herein. In specific, Polly Towill, Esq., and Madalyn Macarr, Esq. (counsel for Axos Clearing), spoke with Adam Ford, Esq. (counsel for Defendants), on July 25, 2019; Mr. Ford stated Defendants take no position and are neutral with respect to Axos Clearing's request that the Court expedite its ruling on *Defendants' Motion to Compel Arbitration*.

Date:  July 29, 2019                                             Respectfully submitted,

/s/ *Andre J. Cronthall*                                         /s/ *Christopher S. Carver*
Polly Towill                                                     Jason S. Oletsky
Cal. Bar. No. 120420                                             Fla. Bar. No. 009301
*Admitted Pro Hac Vice*                                          jason.oletsky@akerman.com

| | |
|---|---|
| ptowill@sheppardmullin.com<br>Andre J. Cronthall<br>Cal. Bar No. 117088<br>*Admitted Pro Hac Vice*<br>acronthall@sheppardmullin.com<br>SHEPPARD, MULLIN, RICHTER &<br>HAMPTON LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 620-1780<br>Facsimile: (213) 620-1398<br><br>*Attorneys for Plaintiff Axos Clearing LLC* | Christopher S. Carver<br>Fla. Bar No. 993580<br>christopher.carver@akerman.com<br>Trevor C. Jones<br>Fla. Bar. No. 092793<br>trevor.jones@akerman.com<br>AKERMAN LLP<br>350 E. Las Olas Blvd., Ste. 1600<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br><br>*Attorneys for Plaintiff Axos Clearing LLC* |