UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-20979-RAR

AXOS CLEARING, LLC

    Plaintiff,

v.

SCOTT REYNOLDS, an individual;
SRR FORTRESS CAPITAL, LLC,
A Florida limited liability company,

    Defendants.

## MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY TO DEFENDANTS' MOTION TO STAY, DOCKET ENTRY 101

Defendants SCOTT REYNOLDS and SRR FORTRESS CAPITAL, LLC (collectively "Reynolds"), respectfully submit this Motion to Strike Plaintiff, AXOS CLEARING LLC's (Axos Clearing) "Motion to Expedite Ruling on Defendants; Motion to Compel Arbitration or Dismiss" (D.E. 101) as an unauthorized sur-reply and for failing to satisfy Rule 7.1(d)'s requirements for emergency/expedited relief. Specifically:

1. Axos Clearing's repeated attempts to file a sur-reply in opposition to Reynolds' motion to compel arbitration and dismiss should be sanctioned.

2. Having already had a previous sur-reply stricken (D.E. 78), Axos Clearing has filed yet another sur-reply, but now styled as a "motion to expedite ruling."

3. The "motion to expedite ruling" simply expounds on the incorrect arguments already presented in its opposition to Reynolds' motion to compel arbitration and dismiss, and raises entirely new arguments now that FINRA has rejected Axos Clearing's attempt to avoid FINRA arbitration

1

with Reynolds, as it agreed to by signed contract. It does not even bother to attempt to comply with Local Rule 7.1(c) or Rule 7.1(d) (emergency and expedited relief).

4. In doing so, Axos Clearing repeatedly makes knowingly false statements to this Court, for which this Court may *sua sponte* sanction Axos Clearing and its attorneys under Rule 11, although Reynolds does not move for that relief here.

5. For example, the opening statement in Axos Clearing's impermissible sur-reply suggests that Reynolds did not move to dismiss for two-months after the filing of the initial complaint. This is an intentionally false statement of fact. As the Court is aware, Reynolds was not initially served with the *original complaint* until late April, more than a month after it was filed, thus permitting Axos Clearing to obtain improperly writs of attachment and garnishment *ex parte*, which were discharged by this Court. Still, while Reynolds' counsel informed Axos Clearing of its intent to move to compel arbitration and dismiss the original complaint (alleging breach of contract), Axos Clearing subsequently filed an *amended complaint* adding six new claims as well as additional forms of relief all subject to mandatory arbitration. Reynolds timely moved to compel arbitration and dismiss *within three weeks* of the service of the Amended Complaint. Axos Clearing knew this statement to the Court was false and intentionally misleading.

6. Axos Clearing also falsely states in its impermissible sur-reply that it has not consented to FINRA arbitration, yet this is false on two accounts. First, Axos Clearing is a FINRA member, and as such has consented to FINRA arbitration under rule 13200. Second, and more importantly, the Axos Clearing-Spartan clearing agreement mandates FINRA arbitration in any dispute between Spartan (and its employees) and Axos Clearing (and its employees) (*See* Clearing Agreement § 11.1 and 9.1). Since Reynolds was an employee of Spartan during the relevant time period, Axos Clearing not only has consented to FINRA arbitration, but signed a contract agreeing to arbitrate this dispute.

7.      Axos Clearing's impermissible sur-reply also falsely informs this Court that "the FINRA Arbitration Rules do not on their face provide for motions to dismiss based on lack of jurisdiction, nor do they offer on their face any other mechanism by which parties can contest the forum's jurisdiction...." This statement is intentionally false. In fact, Axos Clearing has already challenged FINRA as a forum under FINRA Rule 13303, and the Director denied that challenge, finding that the arbitration must proceed and ordering Axos Clearing to answer. Moreover, FINRA Rule 13206 sets forth the grounds for moving to dismiss a FINRA arbitration, including "filing a motion to dismiss." The Court should disregard this intentionally false statement of the law designed to obfuscate.

8.      Axos Clearing repeats these knowingly false statements throughout its impermissible sur-reply.

9.      As a final matter, the impermissible sur-reply mistakenly suggests to the Court that Reynolds' counsel "take[s] no position on this request." This is an intentional misrepresentation to the Court. During the actual conference, Reynolds' counsel was led to believe that Axos Clearing intended to file a *very short*, i.e. one to two line, "motion to expedite the ruling," and took no position because (1) Reynolds also would like a prompt dismissal of this matter so that all three parties (Axos Clearing, Spartan, and Reynolds) may arbitrate this dispute as they agreed to in the Axos Clearing-Spartan clearing agreement and by virtue of their membership with FINRA, and (2) Reynolds' counsel viewed this attempt to micromanage a federal judge's opinion and order drafting as unorthodox, if not totally bizarre. (The proper remedy, of course, would have been a request for a stay of *these* proceedings pending resolution of the motion to dismiss, which Reynolds would consent to). In any event, Reynolds' counsel had no reason to believe that Axos Clearing was in fact submitting an impermissible sur-reply in the form of a substantive legal memorandum and

extensively arguing legal points contained in Reynolds motion to compel arbitration and dismiss, as well as making new arguments.[1]

10. After the filing of the reply memorandum in support of a motion, Local Rule 7.1(c) instructs: "No further or additional memorandum of law shall be filed without prior leave of court." Axos Clearing's improper sur-reply to Reynolds' motion to compel arbitration and dismiss (D.E. 101) must be stricken.

11. Moreover, Axos Clearing has failed to satisfy Rule 7.1(d) requirements for emergency/expedited relief, providing another ground for striking the impermissible sur-reply.

WHEREFORE, REYNOLDS respectfully requests this Court strike Plaintiff's filing entitled Motion to Expedite Ruling (D.E. 101) and grant any further relief deemed just and proper.

Respectfully submitted,

Ford O'Brien LLP
Adam C. Ford, Esq.
Matthew A. Ford, Esq.
Email: AFord@Fordobrien.com
575 Fifth Avenue, 17th Floor
New York, NY 10017
Telephone No: (212) 858-0040

Lorne E. Berkeley, Esq.
Florida Bar No.: 146099
Email: LBerkeley@drbdc-law.com
4000 Ponce De Leon Blvd., # 800
Coral Gables, Florida 33146
Telephone No.: (305)-448-7988
Facsimile No.: (305) 448-7978
*Counsel for Defendants*

---

[1] As this Court is no doubt aware, Axos Clearing's recitation of the law in its sur-reply is inaccurate and misleading. To the extent this Court orders or requests additional briefing on Reynolds' motion to compel arbitration and dismiss, Reynolds' counsel intends to set-forth the actual controlling law, namely that Axos Clearing, having contractually agreed to FINRA arbitration for disputes between it and Spartan and Spartan's employees arising out of the clearing agreement, cannot circumvent this agreement by filing a federal action. Regardless, as the Supreme Court has made clear, given the agreement to arbitrate in this case, questions of arbitrability are left to the arbitrator. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995). Axos Clearing's insistence on litigating state law claims in this federal district court when it agreed arbitrate such claims before FINRA appears to be exactly the type of misuse of the federal district court system that judges have come to loathe as misuse of resources and time.

4

Case No.: 1:19-cv-20979-RAR

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of July, 2019, I electronically filed the above document using CM/ECF set forth upon all parties via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Lorne E. Berkeley*
Lorne E. Berkeley, Esq.

*[SERVICE LIST ON THE FOLLOWING PAGE]*

Case No.: 1:19-cv-20979-RAR

## SERVICE LIST

Polly Towill, Esquire
Cal. Bar. No. 120420
Admitted Pro Hac Vice
ptowill@sheppardmullin.com

Andre J. Cronthall, Esquire
Cal. Bar No. 117088
Admitted Pro Hac Vice
acronthall@sheppardmullin.com

Jason S. Oletsky, Esquire
Fla. Bar. No. 009301
jason.oletsky@akerman.com
Christopher S. Carver, Esquire
Fla. Bar No. 993580
christopher.carver@akerman.com
Trevor C. Jones, Esquire
Fla. Bar. No. 092793
trevor.jones@akerman.com

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
*Attorneys for Plaintiff Axos Clearing LLC*

AKERMAN LLP
350 E. Las Olas Blvd., Ste. 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
*Attorneys for Plaintiff Axos Clearing LLC*