**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CIV-20979-RAR**

**AXOS CLEARING, LLC**,

      Plaintiff,

v.

**SCOTT REYNOLDS, an individual;**
**and SRR FORTRESS CAPITAL, LLC,**
**a Florida limited liability company**,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE RULING**

**THIS CAUSE** comes before the Court on Plaintiff Axos Clearing LLC's Motion to Expedite Ruling on Defendants' Motion to Compel Arbitration or Dismiss [ECF No. 101], filed on July 29, 2019, as well as Defendants' Motion to Strike Plaintiff's Unauthorized Sur-Reply to Defendants' Motion to Stay [ECF No. 105]. Plaintiff seeks an expedited ruling on Defendants' Motion to Compel Arbitration ("Motion to Compel") [ECF No. 65], which became ripe on June 17, 2019. Plaintiff argues that unless this Court rules on Defendants' Motion to Compel Arbitration by August 13, 2019, Plaintiff will be unfairly required to file an answer in the ongoing FINRA arbitration.

Neither the Local Rules nor the Federal Rules of Civil Procedure authorize a "Motion to Expedite Ruling," and Plaintiff cites no authority for requesting the same.[1] Instead, Plaintiff unavailingly argues this Court should expedite ruling on Defendants' Motion to Compel—which

---

[1] To the extent Plaintiff intended to file an emergency motion, or a notice of ninety-day expiration, the Court notes that Plaintiff's motion does not comply with the Local Rules regarding the same, nor could it. Plaintiff has not proffered good cause to demonstrate the existence of an emergency and the hearing on Defendants' Motion to Compel occurred far less than ninety days ago.

has been ripe for just over one month—so that Plaintiff may be spared the need to answer the claims in the FINRA arbitration. Plaintiff's Motion is procedurally improper and its arguments unconvincing.   Moreover, Plaintiff ignores the flurry of relevant docket activity that has necessitated Court intervention in this case since the hearing on Defendants' Motion to Compel.

A brief recap is perhaps incumbent. On June 21, 2019, Defendants filed a Motion to Enlarge Their Motion to Compel Arbitration or Dismiss Record [ECF No. 86], which was immediately followed by Plaintiff's Motion to Strike [ECF No. 87].   Both of these motions necessitated evaluation of the record and rulings from the Court.   In addition, the Court had to strike the parties' Joint Notice of Filing Proposed Order Setting Mediation [ECF No. 91], which improperly scheduled mediation outside the timeframe ordered [ECF No. 92].   Most recently, Defendants filed a second Motion to Enlarge Motion to Compel Arbitration and Dismiss [ECF No. 97], which Plaintiff opposed [ECF No. 98][2], once again requiring the Court to delve into the record at issue.

In sum, the Court has been regularly and actively involved in resolving the parties' disputes, many of which bear on the Motion to Compel at issue.   More importantly, the Court is fully cognizant of the ripe motions on its docket and will rule on them as soon as practicable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)  Plaintiff's Motion to Expedite Ruling on Defendants' Motion to Compel Arbitration or Dismiss [ECF No. 101] is **DENIED**.

(2) Defendants' Motion to Strike Plaintiff's Unauthorized Sur-Reply to Defendants' Motion to Stay [ECF No. 105] is **DENIED AS MOOT**.

---

[2]  The Court notes that Defendants' Motion was incorrectly filed as supplement, rather than a motion.  As such, Defendants' Motion to Enlarge is not ripe for disposition.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of July, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**