UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-20979-RUIZ/BECERRA

AXOS CLEARING LLC

        Plaintiff,
v.

SCOTT REYNOLDS, an individual; and
SRR FORTRESS CAPITAL, LLC,
a Florida limited liability company

        Defendants.
_____/

## PROTECTIVE ORDER

Plaintiff Axos Clearing LLC ("Axos Clearing") and Defendants Scott Richard Reynolds ("Reynolds") and SRR Fortress Capital, LLC ("SRR") (collectively, "Defendants") have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between Axos Clearing and Defendants (collectively, the "Parties") may contain internal communications, policies and procedures, and non-public information of the Parties and third parties, which may be protected from public disclosure by federal law, as well as the rules and regulations of the Securities and Exchange Commission and the Financial Industry Regulatory Authority, among others. To preserve the confidential nature of this information, this Order establishes a procedure for disclosing Confidential Information to the Parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

# **DEFINITIONS**

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: documents; correspondence; memoranda; notes; reports; disclosures; books of account; worksheets; internal procedures and policies; internal communications; non-public information of Axos Clearing; and other records or writings or things produced, given, or filed in this action.

3. The term "counsel" will mean the Parties' in-house attorneys, counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

      a.      Attorneys for Axos Clearing:
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Polly Towill
ptowill@sheppardmullin.com
Andre J. Cronthall
acronthall@sheppardmullin.com

            AKERMAN LLP
Jason S. Oletsky
jason.oletsky@akerman.com
Christopher S. Carver
christopher.carver@akerman.com
Trevor C. Jones
trevor.jones@akerman.com

      b.      Attorneys for Defendants:
FORD O'BRIEN LLP
Adam C. Ford

>AFord@fordobrien.com
>Matthew A. Ford
>mford@fordobrien.com
>
>DANIELS RODRIGUEZ BERKELEY DANIELS, CRUZ
>Lorne E. Berkeley
>LBerkeley@drbc-law.com
>Alexander L. Wildman
>awildman@drbdc-law.com

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." All information or documents produced or disclosed in this litigation, whether designated as such or not, shall be used solely for purposes of this litigation and not in connection with any other litigation or judicial or regulatory proceeding.

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business, operations, or legitimate privacy interests of such party or its clients or business counterparties.

    b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential financial, medical, or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR

COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY";

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 9 below except that the person(s) agreed upon pursuant to paragraph 9 may be excluded during such time as information designated "CONFIDENTIAL – FOR COUNSEL ONLY" is to be disclosed to the extent they are not authorized to receive such information under this Order; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by Order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by Order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by the receiving party itself, by independent experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms, as set forth in Exhibit A:

   a. Executives and officers who are required to participate in policy decisions with reference to this action;

   b. Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c. Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such

information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The Parties shall follow and abide by applicable law, and the Local Rules of the Southern District of Florida, with respect to filing documents under seal.

13. Any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven (7) days of receipt of such a notice of objections, the Parties may seek a ruling from the Court on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. Accidental or inadvertent disclosure of confidential information does not waive the confidence otherwise attaching to the Confidential Information.  If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Accidental or inadvertent disclosure of information protected by the attorney-client privilege, attorney work product doctrine or any other privilege does not waive the privilege or other protection otherwise attaching to the Confidential Information or its subject matter.  If a source inadvertently or mistakenly discloses documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the source shall promptly advise the receiving party of the disclosure and recall any such inadvertently disclosed privileged documents or materials by making a request of the receiving party for their return.  Likewise, if a receiving party becomes aware that a source inadvertently or mistakenly disclosed documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the receiving party shall promptly advise the source of the disclosure and return the documents or materials and any and all copies to the source.  If the receiving party fails to return such documents or materials, the source may seek a ruling from the Court compelling the return.  A source that elects to initiate a challenge to a receiving party's failure to return such documents or materials must do so in good faith and must begin the process by conferring directly with counsel for the receiving party.  In conferring, the source must explain the basis for its belief that the disclosure

was made in error and must give the receiving party an opportunity to reconsider the circumstances, and, if no change in position is offered, to explain the basis for that position. A source may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

18. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged, confidential and protected as a matter of law or regulation, or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by electronic mail is acceptable for all notification purposes within this order.

26. This Order may be modified by agreement of the Parties, subject to approval by the Court.

27. The Court may modify the Order in the interests of justice or for public policy reasons.

IT IS SO ORDERED this 1st day of August, 2019

_____
HONORABLE JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-20979-RUIZ/BECERRA

AXOS CLEARING LLC

      Plaintiff,
v.

SCOTT REYNOLDS, an individual; and
SRR FORTRESS CAPITAL, LLC,
a Florida limited liability company

      Defendants.

_____/

    I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in *Axos Clearing LLC v. Reynolds*, Case No. 1:19-cv-20979-RAR, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 9 and 10 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of Florida with respect to enforcement of the Protective Order.

      6.      I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

      I declare under penalty of perjury that the foregoing is true and correct.

Date: _____