UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-20979-RAR/Becerra

AXOS CLEARING LLC,

    Plaintiff,

v.

SCOTT RICHARD REYNOLDS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court on Defendants' Motion to Discharge Lis Pendens and For Damages ("Motion"), ECF No. [127]. Plaintiff filed a Response, ECF No. [132], and Defendants filed a Reply, ECF No. [134]. For the reasons that follow, the undersigned **RECOMMENDS** that the Motion to Discharge Lis Pendens and For Damages be **DENIED AS MOOT**.

A notice of lis pendens was recorded in this case on March 14, 2019. ECF No. [127] at 7. On March 28, 2019, Defendants filed an Emergency Motion to Discharge the Lis Pendens. ECF No. [24]. After full briefing on the issue and a hearing, this Court, on May 9, 2019, denied the motion to discharge, concluding that there was a fair nexus between the legal or equitable ownership of Mr. Reynold's real property and the dispute. ECF No. [54] at 10. This case was later dismissed by way of an order compelling arbitration on August 19, 2019, ECF No. [121], and the appeal of that order was thereafter dismissed on June 22, 2021, ECF No. [126]. Eleven months

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge.

later, Defendants file this Motion again seeking a discharge of the March 14, 2019 lis pendens. ECF No. [127].

>   Under Fla. Stat. Section 48.23(2),

>>  A notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action and will expire at that time, unless the relief sought is disclosed by the pending pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time of expiration on reasonable notice and for good cause.

§ 48.23, Fla. Stat. It is clear from the plain language of the statute that the lis pendens here expired on March 15, 2020, one year after it was recorded. Plaintiff never moved for any extension of it, and the Court has not heard *any* credible argument, from either side, that the lis pendens did not expire on that date. Indeed, Plaintiff concedes that the lis pendens expired in March 2020. ECF No. [132] at 2. Because the lis pendens already expired, there is nothing for this Court to discharge.

Defendants do not disagree that the lis pendens expired in 2020. Instead, they posit a theory, mostly at the oral argument before the undersigned, that a lis pendens should nevertheless be discharged by a court even if it has already expired. The statute does not say as such, nor does any caselaw support that position. To be sure, a court order discharging a lis pendens would be required if the lis pendens had not expired, but that was not the case here. To read the statute as Defendants suggest, allowing or requiring a court to discharge every lis pendens registered with the clerk after the time that the statute notes it has already expired, finds no support in the law and obviously undermines the language in the statute that specifically states that the lis pendens no longer has any effect for any purpose. Defendants' reading would make that provision completely superfluous. The undersigned certainly understands that Defendants seek some assistance to clear the confusion they claim is presented by the expired lis pendens, but to suggest a reading that enjoys no support from the plain language of the statute is unwarranted and not well-taken.

The Court is also mindful of Plaintiff's position that the Court has no jurisdiction over the matter given that the appeal was dismissed almost a year ago. However, Defendants' counsel represents to the Court that the lis pendens continues to cause issues with the title of the property. Because Plaintiff is not required to file anything to discharge the lis pendens, and the Court has previously denied a motion to discharge the lis pendens, perhaps some clarification may be warranted. Indeed, an order dismissing the Motion as moot and noting that the lis pendens is expired does not appear to offend any jurisdictional concerns.

As such, and for the reasons noted above, the undersigned **RECOMMENDS** that the Motion be **DENIED AS MOOT** on the grounds that the lis pendens expired on March 14, 2020.

Finally, the Court recommends that the request to litigate damages be denied. Defendants did not seek the Court's intervention until May 10, 2022, two years after the lis pendens expired, and almost a year after the appeal in this case was dismissed. Indeed, given the failure to seek any relief from this or any Court until this Motion was filed, the undersigned sees no merit to any claim for damages against Plaintiff, and further briefing or litigation on this point would be meritless and a waste of judicial resources. Moreover, as noted above, the lis pendens expired long ago by operation of law, and if third parties took or continue to take positions that are not supported by the statute, perhaps Defendants' remedies lay elsewhere, if at all. To claim that Plaintiff is responsible is untenable.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3–1 (2016); 28 U.S.C. § 636(b)(1)(C); see also Harrigan v. Metro-Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 5, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**